## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

MICHAEL LUTHER,
    *Plaintiff,*

    v.                            No. 3:19-cv-00744 (VAB)

THOMAS HUNT, et al.,
    *Defendants.*

### RULING AND ORDER ON VARIOUS MOTIONS

Michael Luther ("Plaintiff") initiated this action, while incarcerated at the Brooklyn Correctional Institution, against Community Release Unit Director Thomas Hunt ("Director Hunt"), Department of Correction Commissioner Rollin Cook, and Inmate Classification Director David Maiga ("Director Maiga") (collectively, "Defendants") under 42 U.S.C. § 1983. Mr. Luther has alleged that Defendants have an unconstitutional policy or practice of denying community release to sex offenders. Compl. at 11 ¶¶ 1,3-4, ECF No. 1 (May 16, 2019).

On January 10, 2020, the Court issued an Initial Review Order that dismissed Mr. Luther's claims asserted on behalf of an alleged class, his Fourteenth Amendment due process claims, his Eighth Amendment cruel and unusual punishment claim, and his claim asserted under the United Nations Convention on the Rights of the Child. Initial Review Order and Ruling on Mot. for Emergency Hearing, ECF No. 9 (Jan. 10, 2020) ("IRO"). The Court allowed for his equal protection claims under the Fourteenth Amendment, seeking injunctive relief, to proceed. *Id.*

1

Mr. Luther has filed motions for an informal conference, to reconsider, to amend, to compel, and for articulation as to the Initial Review Order. *See* ECF Nos. 18, 34, 35, 36, 37. Defendants have filed a motion to dismiss the allegations against Director Maiga.[1]

For the reasons set forth below, the motion to amend and the motion for articulation are **GRANTED**. The motion to reconsider, the motion to dismiss and the motion to compel are **DENIED**, and the motion for an informal conference is **DENIED as moot**.

## I.      FACTUAL AND PROCEDURAL BACKGROUND

The Court assumes familiarity with the underlying allegations of this case, as set forth in the IRO, and provides only the procedural background that is necessary for deciding the above-mentioned motions.

On May 16, 2019, Mr. Luther filed this lawsuit, alleging that the Connecticut Department of Correction has an unconstitutional policy or practice of denying community release to individuals incarcerated for sex offenses. Compl. at 11 ¶¶ 1-6.

On January 10, 2020, this Court issued its Initial Review Order in this case along with a corresponding order denying a motion for a hearing for the reasons set forth in the IRO. IRO; Order, ECF No. 10 (Jan. 10, 2020).

On April 9, 2020, Defendants filed a motion to dismiss the allegations against Director Maiga. Mot. to Dismiss, ECF No. 22 (April 9, 2020); Defs.' Mem. of Law in Support of Their Mot. to Dismiss, ECF No. 22-1 (April 9, 2020) ("Defs.' Mem.).

---

[1] Defendants have filed a motion for summary judgment, Mot. for Summ. J., ECF No. 43 (Oct. 2, 2020) ("Defs.' Mot. for SJ") and Mr. Luther has filed a memorandum in opposition to that motion, Mem. in Opp'n Mot. for Summ. J., ECF No. 54 (Dec. 29, 2020) ("Reply Mot. for SJ"). The Court will not address the motion for summary judgment in this opinion.

On March 16, 2020, Mr. Luther filed a motion for an informal conference. Pl.'s Mot. to Request an Informal Conference with the Court, ECF No. 18 (Mar. 16, 2020) ("Mot. for IC").

On May 7, 2020, Defendants filed a motion to stay the proceedings until July 1, 2020. Defs.' Mot. to Stay Proceedings, ECF No. 29 (May 7, 2020).

On May 8, 2020, the Court granted Defendants' motion to stay the proceedings. Order, ECF No. 30 (May 8, 2020) ("Order re Stay").

On May 14, 2020, Mr. Luther filed an objection to Defendants' motion to stay the proceedings. Pl.'s Obj. to Def.'s Mot. to Stay Proceedings, ECF No. 33 (May 14, 2020) ("Obj. Mot. Stay").

On May 22, 2020, Mr. Luther filed a motion to reconsider and resubmit his objection to stay proceedings. Pl.'s Mot. to Resubmit Obj. to Defs.' Mot. to Stay Proceedings as 'Mot. to Reconsider,' ECF No. 34 (May 22, 2020) ("Mot. to Reconsider").

On June 8, 2020, Mr. Luther filed a motion to amend the Complaint. Pl.'s Mot. to Amend Compl., ECF No. 35 (June 8, 2020) ("Mot. to Amend").

On July 1, 2020, Mr. Luther filed a motion to compel. Pl.'s Mot. to Compel Defs., ECF No. 37 (July 1, 2020) ("Mot. to Compel").

On July 10, 2020, Mr. Luther filed a motion for articulation. Pl.'s Mot. Requesting Articulation From the Court, ECF No. 36 (July 10, 2020) ("Mot. for Articulation").

On July 22, 2020, Defendants filed an objection to Mr. Luther's motion to compel. Defs.' Obj. to Pl.'s Mot. to Compel, ECF No. 38 (July 22, 2020) ("Obj. Mot. Compel").

## II.   STANDARD OF REVIEW

### A. Motion to Dismiss

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Any claim that fails "to state a claim upon which relief can be granted" will be dismissed. Fed. R. Civ. P. 12(b)(6). In reviewing a complaint under Rule 12(b)(6), a court applies a "plausibility standard" guided by "two working principles." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

First, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (internal citations omitted)). Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679. Thus, the complaint must contain "factual amplification . . . to render a claim plausible." *Arista Records LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010) (quoting *Turkmen v. Ashcroft*, 589 F.3d 542, 546 (2d Cir. 2009)).

When reviewing a complaint under Federal Rule of Civil Procedure 12(b)(6), a court takes all factual allegations in the complaint as true. *Iqbal*, 556 U.S. at 678. A court also views the allegations in the light most favorable to the plaintiff and draws all inferences in the plaintiff's favor. *Cohen v. S.A.C. Trading Corp.*, 711 F.3d 353, 358-59 (2d Cir. 2013); *see also York v. Ass'n of the Bar of the City of N.Y.*, 286 F.3d 122, 125 (2d Cir. 2002) ("On a motion to

dismiss for failure to state a claim, we construe the complaint in the light most favorable to the plaintiff, accepting the complaint's allegations as true.").

A court considering a motion to dismiss under Rule 12(b)(6) generally limits its review "to the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007). A court may also consider "matters of which judicial notice may be taken" and "documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993); *Patrowicz v. Transamerica HomeFirst, Inc.*, 359 F. Supp. 2d 140, 144 (D. Conn. 2005).

## B. Motion to Reconsider

"The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Indeed, "[m]otions for reconsideration shall not be routinely filed and shall satisfy the strict standard applicable to such motions." D. Conn. L. Civ. R. 7(c); *see also Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 108 (2d Cir. 2013) ("It is well-settled that a party may not move for reconsideration and obtain relief only when the defendant identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992))).

"Reconsideration is not intended for the court to reexamine a decision or the party to reframe a failed motion." *Fan v. United States*, 710 F. App'x 23, 24 (2d Cir. 2018) (citing *Questrom v. Federated Dep't Stores, Inc.*, 192 F.R.D. 128, 130 (S.D.N.Y. 2000)). Indeed, "[a] motion for reconsideration 'is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Mandell v. Dolloff*, No. 3:17-cv-01282-MPS, 2018 WL 3677895, at *1 (D. Conn. Aug. 2, 2018) (quoting *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012)), as amended (July 13, 2012); *accord Shrader*, 70 F.3d at 257 ("[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided.'").

## C. Motion to Amend

Under Federal Rule of Civil Procedure 15(a), "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

The district court has broad discretion to decide a motion to amend. *See Local 802, Assoc. Musicians of Greater N.Y. v. Parker Meridien Hotel*, 145 F.3d 85, 89 (2d Cir. 1998). If a court chooses to deny leave to amend, however, it must give some "justifying reason" for doing so. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Reasons for denying leave to amend include

6

"undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment[.]" *Id.*; *see also Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002) (noting leave to amend may be denied when amendment is "unlikely to be productive," such as when an amendment is "futile" and "could not withstand a motion to dismiss [under] Fed. R. Civ. P. 12(b)(6)"); *Park B. Smith, Inc. v. CHF Indus. Inc.*, 811 F. Supp. 2d 766, 779 (S.D.N.Y. 2011) ("While mere delay, absent a showing of bad faith or undue prejudice, is not enough for a district court to deny leave to amend, the longer the period of an unexplained delay, the less will be required of the nonmoving party in terms of a showing of prejudice." (internal quotation marks omitted)). A court will "only deny a motion to amend if it is clear on the face of the pleadings that the claims would be barred by the statute of limitations, and if the issue would not need to be more fully briefed." *Hybrid Athletics, LLC v. Hylete, LLC*, No. 3:17-cv-1767, 2018 WL 4323816, at *4 (D. Conn. Sept. 10, 2018).

"While the party seeking to amend its pleading must explain any delay, the party opposing the amendment 'bears the burden of showing prejudice, bad faith, and futility of the amendment.'" *United States ex rel. Raffington v. Bon Secours Health Sys., Inc.*, 285 F. Supp. 3d 759, 766 (S.D.N.Y. 2018) (quoting *Grant v. Citibank (S.D.), N.A.*, No. 10 Civ. 2955 (KNF), 2010 WL 5187754, at *6 (S.D.N.Y. Dec. 6, 2010)).

### D. Motion to Compel

"A party seeking discovery may move for an order compelling an answer, designation, production, or inspection" if, *inter alia*, "a party fails to answer an interrogatory submitted under [Federal] Rule [of Civil Procedure] 33" or "fails to respond that inspection will be permitted—or

fails to permit inspection—as requested under [Federal] Rule [of Civil Procedure] 34." Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv). A party has failed to provide a timely answer to interrogatories if that party has failed to "serve its answers and any objections within 30 days after being served with the interrogatories." Fed. R. Civ. P. 33(b)(2). Similarly, with respect to requests for production of documents, "[t]he party to whom the request is directed must respond in writing within 30 days after being served" and "must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(A)-(B).

Under Federal Rule of Civil Procedure 26(b)(1), the parties in a litigation "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The Court has broad discretion in deciding a motion to compel discovery. *Grand Cent. P'ship. Inc. v. Cuomo*, 166 F.3d 473, 488 (2d Cir. 1999) ("We will not disturb a district court's ruling on a motion to compel discovery unless there is a clear showing of abuse of discretion." (internal quotation marks omitted)). Furthermore, the "party resisting discovery bears the burden of showing why discovery should be denied." *Cole v. Towers Perrin Forster & Crosby*, 256 F.R.D. 79, 80 (D. Conn. 2009).

### E.  Motion for an Informal Conference and Motion for Articulation

"[D]istrict courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 136 S. Ct. 1885, 1892 (2016) (citations omitted).

## III.   DISCUSSION

The Court addresses each of the pending motions in turn.

### A.   Motion to Dismiss [ECF No. 22]

Defendants have moved to dismiss the Complaint as it pertains to Director Maiga, arguing that it "fails to allege facts demonstrating that Director Maiga was personally involved in the alleged policy of discrimination by denying early release to inmates with elevated sex treatment needs scores." Defs.' Mem. at 5-6. Defendants argue that the Complaint has not shown that "the Director of Offender Classification and Population Management [Director Maiga] had any role in deciding whether [Mr. Luther] received early release." *Id.* at 6. To support this argument, they argue that Mr. Luther's Complaint has only named "the CRU (Community Release Unit) [as] responsible" for the "alleged equal protection claims" by "misusing the sex treatment needs score to discriminate against inmates." *Id.* (internal quotation marks omitted).

Mr. Luther argues that "by definition of his position, [Director] Maiga directs Classification," which Mr. Luther alleges means that Director Maiga is "responsible for the[] development, and [] implementation by staff" of the "policies and practices" that allegedly violated his constitutional rights. Obj. Mot. to Dismiss at 1 ¶ 2. Mr. Luther further alleges that "[Director] Maiga is personally aware of [the alleged] discrimination [against sex offenders] and has permitted it to continue on his watch." *Id.* at 2 ¶ 6.

Defendants argue that in "*Iqbal*, the Supreme Court discussed supervisory liability, stating that a supervisor can be held liable only 'through the official's own individual actions.'" Defs.' Mem. at 5 (quoting *Iqbal*, 556 U.S. at 676). Because Director Maiga is an alleged "supervisory official," Defendants argue that Mr. Luther has failed to demonstrate "an

9

affirmative causal link between the action or inaction of [Director Maiga] and [Mr. Luther's] alleged injuries." *Id.* (citing *Poe v. Leonard*, 282 F.3d 123, 140 (2d Cir. 2002)). Defendants also argue that Mr. Luther has failed to bring facts that meet the "five ways to demonstrate the personal involvement" of a supervisory defendant that were delineated by the Second Circuit in *Colon v. Coughlin*, 58 F.3d 865 (2d Cir.1995). Defs.' Mem. at 4 (quoting *Dupas v. Arnone*, No. 3:12-cv-1215 (AVC), 2012 WL 4857565, at *2 (D. Conn. Oct. 10, 2012)). In *Colon*, the court found a successful claim against a supervisory official must show:

> (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring.

*Colon*, 58 F.3d. at 873 (citing *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir.1994)); Defs.' Mem at 5.

While these guidelines may have impacted the viability of Mr. Luther's claim, the Second Circuit has provided a modified list of requirements since its ruling in *Colon*. In *Tangreti v. Bachmann*, 983 F.3d 609 (2d Cir. 2020), the Second Circuit found that "after *Iqbal*, there is no special rule for supervisory liability. Instead, a plaintiff must plead and prove 'that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" *Id.* at 618 (quoting *Iqbal*, 556 U.S. at 676). The court clarified that "'[t]he factors necessary to establish a [§ 1983] violation will vary with the constitutional provision at issue' because the elements of different constitutional violations vary. The violation must be

established against the supervisory official directly." *Id.* (quoting *Iqbal*, 556 U.S. at 676) (internal citation omitted).

The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution protects individuals from invidious discrimination, but does not mandate identical treatment for each individual or group of individuals; instead, it requires that similarly situated persons be treated the same. *See City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) ("The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." (quoting *Plyler v. Doe*, 457 U.S. 202, 216 (1982)).

Where a classification is based on the nature of a criminal offense, including a sex offense, courts apply rational basis scrutiny. *Roe v. Marcotte*, 193 F.3d 72, 82 (2d Cir. 1999) ("Because [plaintiff] alleges a classification based on the nature of his offense, his challenge . . . is entitled to only 'rational basis' and not 'strict scrutiny' review." (citing *Chapman v. United States*, 500 U.S. 453, 465 (1991) (applying rational basis test to a classification based on nature of offense))); *see also Duemmel v. Fischer*, 368 F. App'x 180, 182 (2d Cir. 2010) (stating, in a case brought by an incarcerated sex offender: "We have previously held that 'prisoners either in the aggregate or specified by offense are not a suspect class.'" (quoting *Lee v. Governor of New York*, 87 F.3d 55, 60 (2d Cir. 1996))); *Petitpas v. Martin*, No. 3:17-cv-1912 (JAM), 2018 WL 5016997, at *5 (D. Conn. Oct. 15, 2018) ("Neither prisoners in general nor sex offenders in particular are a suspect class." (citing *Graziano v. Pataki*, 689 F.3d 110, 117 (2d Cir. 2012)).

Thus, the Court thus must find the alleged classification here constitutional so long as "there is any reasonably conceivable state of facts that could provide a rational basis for the classification." *Spavone v. N.Y. State Dep't of Corr. Servs.*, 719 F.3d 127, 136-38 (2d Cir. 2013) (quoting *Bryant v. N.Y. State Educ. Dep't*, 692 F.3d 202, 219 (2d Cir. 2012)). While a close question, at this stage, Mr. Luther's allegations regarding Director Maiga's involvement are sufficient to survive a motion to dismiss, as to the Director of Offender Classification and Population Management's conceivable involvement in the alleged violations of Mr. Luther's equal protection rights. *See* Obj. Mot. to Dismiss at 1 ¶ 2 (reiterating that Director Maiga is "responsible for the[] development, and [] implementation by staff" of the "policies and practices" that violated his constitutional rights); *id.* at 2 ¶ 6 (reiterating that "[Director] Maiga is personally aware of [the alleged] discrimination [against sex offenders] and has permitted it to continue on his watch.").

Accordingly, Defendants' motion to dismiss Director Maiga is **DENIED**.

## B. Motion to Amend [ECF No. 35]

Mr. Luther seeks to amend "his original Complaint to include suing the Defendants in their individual capacities in addition to their official capacities, and to seek reasonable compensatory and/or punitive damages." Mot. to Amend at 1 ¶ 1.  He would like to amend the Complaint to include a request for a "total sum of $60,000" in damages, with each Defendant being liable for $20,000. *Id.* at 2 ¶ 5.

While the motion to amend would not be considered timely under Federal Rule of Civil Procedure 15(a)(1), which requires the Plaintiff to make amendments within twenty-one days of serving the Complaint, *see* Fed. R. Civ. P. 15(a)(1), the Court exercises its discretion under

Federal Rule of Civil Procedure 15(a)(2) to allow for the amendment to the Complaint. The Court reaches this conclusion in part because Defendants have not objected to the request to amend the Complaint, and also because Defendants will not be "prejudiced by the proposed amendment." *Roller Bearing Co. of Am. v. Am. Software, Inc.*, 570 F. Supp. 2d 376, 384 (D. Conn. 2008).

Accordingly, the motion to amend the Complaint, to add a request for $20,000 in damages from Director Hunt in his individual capacity, a request for $20,000 in damages from Director Maiga in his individual capacity, and a request for $20,000 in damages from Commissioner Cook in his individual capacity, is **GRANTED**.

### C. Motion to Reconsider [ECF No. 34]

"The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked--matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader*, 70 F.3d at 257.

On May 7, 2020, Defendants moved to stay discovery and the initial disclosures of documents until July 1, 2020 due to safety issues associated with the COVID-19 pandemic. Mot. to Stay. Defendants argued that the process of securing documents and information to be disclosed to Mr. Luther during discovery would involve "unavoidable social interactions" between Department of Correction staff members and the Office of the Attorney General, *id.* at 6, and therefore would have interfered with the Department of Correction's need to "protect against the spread of COVID-19" and impeded "its efforts on ensuring the health and safety of [] inmates and staff," *id.* at 2. On May 8, 2020, the Court granted the motion to stay. Order re Stay.

13

On May 14, 2020, Mr. Luther filed an objection to the motion to stay. Obj. Mot. to Stay. He now seeks to resubmit his objection to the motion to stay as a motion for reconsideration of the Court's order granting the motion. Mot. to Reconsider.

After reviewing the basis for Defendants' motion to stay and Mr. Luther's objection to the motion, the Court affirms its order granting the motion for stay, as Mr. Luther has failed to provide "controlling decisions or data that the court overlooked." *Shrader*, 70 F.3d at 257. As implied by the original granting of the motion to stay, by providing the public health reasons for staying proceedings in this case, Defendants sufficiently have shown the Court the need to stay proceedings. *See Dietz*, 136 S. Ct. at 1892 (emphasizing district courts' "inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases.").

Accordingly, the motion for reconsideration is **DENIED**.

### D. Motion to Compel [ECF No. 37]

Mr. Luther has filed a motion to compel, and specifically argues that he "has made reasonable efforts to communicate with the Defendants' counsel," but they have "a strategy of complete silence." Mot. to Compel at 1. As a preliminary matter, the Court notes that the parties have been advised to seek a telephonic conference with the Court before the filing of discovery motions to avoid unnecessary time and expense for the parties. *See* Judge Bolden's Pretrial Preferences, http://ctd.uscourts.gov/content/victor-bolden ("Motions to resolve discovery disputes cannot be filed unless first discussed with Judge Bolden. Judge Bolden will attempt to resolve discovery disputes by conference call whenever possible...."); *Dietz*, 136 S. Ct. at 1888-

14

89 (2016) (district courts have the inherent power to manage its docket "with a view toward the efficient and expedient resolution of cases[.]").

Nevertheless, recognizing that Plaintiff is proceeding *pro* se, the Court will address this motion. Mr. Luther states that on April 14, 2020, he served three sets of interrogatories on Director Hunt; on May 1, 2020, he allegedly served a first set of interrogatories on Commissioner Cook; on May 4, 2020, he allegedly served a second set of interrogatories on Commissioner Cook; and on May 7, 2020, he allegedly served a first set of interrogatories on Director Maiga. Mot. to Compel at 4, Attachment B, Letter from Michael Luther to AAG Robert Dearington, dated June 7, 2020 ("Letter to AAG"). He alleges that Defendants have failed to respond to any of the interrogatories. *Id.*; Mot. to Compel at 1.

On June 7, 2020, Mr. Luther sent a letter to Assistant Attorney General Robert Dearington, who represents Defendants, seeking responses to the interrogatories that he had allegedly served in April and May 2020. *See* Letter to AAG. Mr. Luther states that he did not receive a response to his letter prior to filing the motion to compel on July 1, 2020. Mot. to Compel at 1.

On May 7, 2020, the Court stayed discovery in this case until July 1, 2020. Order re Stay. Thus, Mr. Luther's attempt to contact AAG Dearington by letter on June 7, 2020 to resolve the Defendants' failure to respond to his April and May 2020 interrogatories was premature. Furthermore, the motion to compel does not comply with Local Rule 37(b)1, which provides that a party filing a motion to compel must accompany the motion with a memorandum that includes

> a concise statement of the nature of the case and a specific verbatim listing of each of the items of discovery sought or opposed, and immediately following each specification shall set forth the reason why the item should be allowed or disallowed. . . . Every

memorandum shall include, as exhibits, copies of the discovery requests in dispute.

D. Conn. L. Civ. R. 37(b)1. Mr. Luther did not attach copies of the interrogatories to his motion or file a memorandum listing each item of information sought and why the information is needed.

Accordingly, the motion to compel is **DENIED** without prejudice. Mr. Luther may refile this motion, should the Defendants not cooperate in providing information requested beyond that given in their motion for summary judgment. *See* Defs.' Mot. for SJ.

### E. Motion for Informal Conference [ECF No. 18]

Mr. Luther seeks a conference to discuss Director Maiga's alleged involvement in a decision made by the Department of Correction on March 9, 2020 to deny his request that a lump sum of twenty-four credits of Risk Reduction Earned Credit ("RREC") be applied to his sentence to change his discharge date from September 13, 2020 to August 20, 2020. Mot. for IC at 4 ¶ 15. Mr. Luther alleges that the decision to deny his request was "an act of retaliation" and asks for an informal conference "to discuss the Defendant's [alleged] actions and the possibility of [] [future] retaliation." *Id.* 1 ¶ 1.

Considering Mr. Luther has informed the Court that he had been released from the Brooklyn Correctional Institution, *see* Notice, ECF No. 41 (Aug. 14, 2020); Notice of Change of Address, ECF No. 42 (Sept. 23, 2020), the relief sought is no longer necessary. *See Salahuddin v. Goord*, 467 F.3d 263, 272 (2d Cir. 2006) ("[I]n [the Second] [C]ircuit, an inmate's transfer from a prison facility generally moots claims for declaratory and injunctive relief against officials of that facility.").

Accordingly, the motion for informal conference is **DENIED as moot**.

**F.  Motion for Articulation [ECF No. 36]**

Finally, Mr. Luther asks the Court to "articulate the new discovery deadline." Mot. for Articulation. At the time of this filing, Mr. Luther explained that he was unsure of the new deadline given the granting of Defendants' motion to stay. *Id.*

Following Mr. Luther's motion for articulation, on July 23, 2020, the Court granted the Defendants an extension of time to respond to Mr. Luther's interrogatories. Order, ECF No. 40, July 23, 2020). Since that time, Defendants have filed a motion for summary judgment, Defs.' Mot. for SJ, to which the Plaintiff has responded, Reply Mot. for SJ. While this response suggests Mr. Luther's clarity on upcoming deadlines, the Court will issue an order clarifying the current pretrial schedule in this case.

Accordingly, the motion for articulation is **GRANTED**.

**IV.  CONCLUSION**

For the reasons above, the motion to amend and the motion for articulation are **GRANTED**. The motion to reconsider, the motion to dismiss and the motion to compel are **DENIED**, and the motion for an informal conference is **DENIED as moot**.

**SO ORDERED** at Bridgeport, Connecticut, this 29th day of January, 2021.

　　　　　　　　　　　　　　　　　　/s/ Victor A. Bolden
　　　　　　　　　　　　　　　　　　Victor A. Bolden
　　　　　　　　　　　　　　　　　　United States District Judge